# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

In re:                                                              Bk. No. 04-04781-MWV
                                                                    Chapter 11
Maxon Engineering Services, Inc.,
                          Debtor


Maxon Engineering Services, Inc.,
                          Plaintiff
v.                                                                  Adv. No. 05-00202-MWV
Puerto Rico Electric Power Authority,
                          Defendant


## MEMORANDUM OPINION

The Court has before it a motion to dismiss filed by the Puerto Rico Electric Power Authority ("PREPA").  On September 8, 2005, Maxon Engineering Services, Inc. (the "Debtor") commenced an adversary proceeding against the Puerto Rico Electric Power Authority ("PREPA") alleging the following:

Count I:  Turnover of funds pursuant to 11 U.S.C. § 542[1] ;

Count II:  Damages on behalf of the Debtor pursuant to the Puerto Rico Civil Code;

Count III:  Contempt damages for  violation of the automatic stay;

Count IV:  Personal damages on behalf of two of the Debtor's officers; and

Count V:  Damages pursuant to the Puerto Rico Civil Code against officers of PREPA.

On September 23, 2005, PREPA filed its motion to dismiss, and on October 26, 2005, the Debtor filed its reply.  The Court held a hearing on PREPA's motion to dismiss on November 7, 2005.


### JURISDICTION

---

[1]  Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Resolution for Bankruptcy Cases" dated July 19, 1994 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The Debtor is an engineering company that filed chapter 11 bankruptcy on May 5, 2004.  Debtor performed substantial work for PREPA both prior to and after filing for bankruptcy.  Maxon's complaint seeks payment of $573,091.98 for work done post-petition (the "post-petition funds").  Meanwhile, PREPA alleges to have a claim against the Debtor resulting from prepetition contracts the payments of which the Debtor assigned to Banco Bilbao Vizcaya Argentaria ("BBVA").  Under the assignment agreements, PREPA was to disburse checks in the names of both the Debtor and BBVA but erroneously disbursed several checks solely in the name of the Debtor.  As a result BBVA has filed suit against PREPA, and PREPA in turn seeks to hold the Debtor liable for any damages it must ultimately pay BBVA.  PREPA has placed an administrative hold on the post-petition funds owed the Debtor, and this Court has since held PREPA's administrative hold to be a violation of the automatic stay, section 362(a)(3).[2]  In the instant complaint, the Debtor seeks payment of the post-petition funds and also damages allegedly resulting from PREPA's refusal to pay.

## DISCUSSION

In ruling on a motion to dismiss under Rule 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), the Court "must accept as true the

---

[2]  See In re Maxon Engineering Servs., Inc., Case No. 04-04781 (Bankr. D. Puerto Rico Nov. 21, 2005) ("PREPA's Rule 9023 Motion to Reconsider, Alter, Amend and for Additional Findings") (reconsidering and affirming its holding in In re Maxon Engineering Servs., Inc., (Bankr. D. Puerto Rico Sept. 13, 2005)).

well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the

plaintiff's favor, and determine if the complaint, so read, limns facts sufficient to justify recovery on any

cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998); see also

Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); TAG/ICIB

Serv., Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).  Drawing all reasonable inferences in

favor of the plaintiff, the Court denies PREPA's motion to dismiss Counts I, II, III, and V, and abstains

from ruling on Count IV.

A.    Count I:  Turnover Pursuant to Section 542(b)[3]

Section 542(b) provides as follows:

(b)    Except as provided in subsection (c) or (d) of this section, an entity that owes a

debt that is property of the estate and that is matured, payable on demand, or payable on

order, shall pay such debt to, or on the order of, the trustee, except to the extent that such

debt may be offset under section 553 of this title against a claim against the debtor.

As stated above, this Court has held that PREPA has no right to set off and has violated the automatic

stay.  Further, it is undisputed that a significant portion of the post-petition funds owed Maxon are due and

payable.  Accordingly, dismissal of Count I is inappropriate.

B.    Counts II and V:  Article 1802 the Puerto Rico Civil Code

In Count II, the Debtor seeks damages in the amount of $10,000,000, alleging that PREPA's

refusal to pay the post-petition funds has caused significant injury to the Debtor's cash inflows and also

threatens the viability of its reorganization plan.  Similarly, in Count V, the Debtor seeks $5,000,000 in

damages for the personal actions of certain PREPA officers.  Article 1802 of the Puerto Rico Civil Code

---

[3]  Although PREPA appears not to contest, in its motion to dismiss, the Debtor's request for
turnover, the Court, for the sake of clarity, briefly addresses Count 1.

provides, in its entirety: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."  31 L.P.R.A. § 5141.  A cause of action under Article 1802 includes three elements: "(1) a guilty or negligent act or omission, (2) a causal link between the act or omission and the damages, and (3) damages."  Gierbolini-Rosa v. Banco Popular De Puerto Rico, 1997 WL 469391, at *3 (1st Cir. 1997).  Given that the amount owed the Debtor is considerable, the risk of injury reasonable, and this Court's previous holding that PREPA violated the automatic stay by administratively freezing the post-petition funds, the Debtor has sufficiently alleged a "cognizable theory" so as to avoid dismissal.  See LaChapelle v. Berkshire Life Ins. Co., supra.

      C.      Count III:  Contempt Damages for Violation of the Automatic Stay

Pursuant to sections 362(h) and 105(a), this Court has the discretion to award damages for contempt and for willful violation of the automatic stay.  As stated above, this Court has previously held PREPA's administrative hold to be a violation of section 362(a)(3).  The Debtor has established a cognizable claim for damages.

      D.      Count IV:  Personal Damages Alleged by Officers of the Debtor

This claim is alleged on behalf of Karem Mieses, the Debtor's president and general manager, and Joel Morales, the Debtor's vice-president and project manager.  These officers claim that they have sacrificed much for the Debtor's reorganization and have also personally guaranteed the Debtor's bonds, and the damage caused by PREPA's failure to pay the post-petition funds to the Debtor is causing loss of income, injury to reputation, and has exposed the officers to further losses and damages.  This claim is made pursuant to Article 1802 of the Puerto Rico Civil Code.

Under the doctrine of discretionary abstention, this Court may abstain from considering Count IV.

"Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).  Among the factors to be considered in deciding to exercise this discretion are:

> (1) the effect on the efficient administration of the estate, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulties or unsettled nature of the applicable law, (4) the presence of a related proceeding in state court; (5) the jurisdictional basis, if any, other than 28 U.S.C. §§ 1334; (6) the relatedness of the proceeding to the main bankruptcy case; (7) the substance, and not the form, of the alleged core proceeding; (8) the feasibility of severing state law issues from bankruptcy matters; (9) the burden on the docket of the bankruptcy court; (10) the likelihood that commencement of bankruptcy proceeding amounted to forum shopping; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of nondebtor parties.

In re Unanue-Casal, 164 B.R. 216, 222 (D. Puerto Rico 1993).

Count IV is quite different from the other Counts alleged by the Debtor.  First, Ms. Mieses and Mr. Morales are non-debtors.  The other Counts alleged in the Debtor's complaint are rooted in supposed injuries to the Debtor, Maxon Engineering Services, Inc.  Regardless of the deep involvement of Ms. Mieses and Mr. Morales in the affairs of the Debtor, the fact remains that this claim is brought on behalf of these officers in their personal capacities for injuries allegedly sustained by them in their personal capacities.  Second, these officers allege injuries that are not identical to those allegedly suffered by the Debtor.  Resolution of this matter will not result in a direct benefit to the estate.  Accordingly, the Court abstains from considering Count IV.

## CONCLUSION

For the reasons stated above, the Court denies PREPA's motion to dismiss with regard to Counts I, II, III, and V, and abstains from considering Debtor's Count IV.  This opinion constitutes the Court's

findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The

Court will issue a separate final order consistent with this opinion.

DATED this 21st day of November, 2005, at Manchester, New Hampshire.


/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Bankruptcy Judge
District of New Hampshire
Sitting by designation